## IN RE APPLICATION of HENRY J. FERRIS.

Fairfield Co., March T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

In a suit by a borough for an injunction against the laying of a track in a street by a horse railroad company, which was defended by the company, a holder of some of the bonds of the company, secured by a mortgage of its property and franchise, claimed the right, on the

ground of his interest, to appear and be made a party defendant, under Gen. Statutes, § 887 and § 1288, but did not allege that the company was not in good faith making defense or that there was any necessity for his intervention. Held that he was not entitled to be admitted as a defendant.

[Argued May 17th—decided June 26th, 1888.]

APPLICATION to the Superior Court in Fairfield County, to be made a party defendant in the next preceding case of *Borough of Stamford* v. *Stamford Horse Railroad Company.* The application was denied by the court (*Andrews, J.,*) and an appeal taken by the applicant to this court. The case is fully stated in the opinion.

*W. K. Townsend* and *G. D. Watrous,* for the appellant.

*S. Fessenden* and *N. C. Downs,* for the appellee.

PARDEE, J. The Stamford Horse Railroad Company executed coupon bonds to the amount of $125,000, mortgaged its property, including its franchise, by way of security for the payment thereof, and sold the bonds. The petitioner is the owner of these bonds to the extent of $2,500.

The company began to lay a track in Bedford street, in the borough of Stamford. The work was stopped by an injunction, issued upon the petition of the borough, which denied that the company had any right to lay a track in that street. Presumably the laying of a track therein will add to the profits of the company and to the value of the franchise, and consequently strengthen the security for the payment of the bonds held by the petitioner.

The company commenced, and is prosecuting in this court, proceedings for the dissolution of the injunction and for the establishment, by judgment of court, of its right to lay and use a track in Bedford street.

The statute (Gen. Statutes, § 1288,) provides that "any person who may be directly or indirectly interested in or affected by the granting of any temporary or permanent injunction may appear and be heard with regard to granting

or dissolving the same;" and in §.887, that "where a person not a party has an interest or title which the judgment will affect, the court, on his application, shall direct him to be made a party."

Upon these statutes the petitioner asked the Superior Court to make him a party defendant to the petition of the borough of Stamford. The court denied his petition, and he has appealed to this court.

Notwithstanding the fact of the mortgage, the company, for the purposes of this case, is the absolute owner of its franchise. Upon it primarily rests the duty and with it is the power and right to defend it from any threatened injury; the right to defend it not only for itself, but for the petitioner and for the holders of its bonds who have not attempted to intervene in this proceeding; the right of every owner of property to defend it in its own way, by arguments satisfactory to itself, and by counsel chosen and trusted by itself. It has the right to distrust and reject any proffered alliance or assistance.

The petitioner does not aver that his debtor, the company, is not with absolute good faith putting forth its utmost endeavor to defend the franchise; is not availing itself of every fact and of every principle of law; is not, in short, doing every thing for itself and therefore for him that he could do if he should be allowed to supplant it in the management of its cause.

He does not aver that as a party of record he could bring to the defense of the franchise any fact or principle of law differing from or adding to the facts and principles already put into the case by the company, nor that his intervention can possibly change the form of the judgment to be rendered; nor that he either desires or can entitle himself to a judgment giving separate and special protection to his mortgage interest; nor that his presence upon the record is in the slightest degree necessary to the full and final adjustment of the issues presented, with due regard to the rights of himself and all parties having any interest direct or

remote in the property. No judgment, as the parties now are, can affect his lien upon the franchise.

For the determination of the question as to the measure of the legislative grant to the railroad no additional parties are either necessary or permissible. Moreover, he has no greater right to take the direction of its defense from the company, than would have any other bond holder to take it from him. To admit him would be to admit all; would be to set difficulties about the case from which the court could not extricate it; would be practically to make the administration of justice impossible.

The petitioner, upon the facts, does not bring himself within the purview of the statute.

There is no error in the judgment complained of.

In this opinion the other judges concurred.